UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LATONIA SMITH,<br><br>                   Plaintiff,<br><br>     v.<br><br>CORRECTIONS CORPORATION OF AMERICA and WARDEN MANTOS,<br><br>                   Defendants. | Case No. 2:25-cv-01368-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Latona Smith's pleadings because of her status as a prisoner and request to proceed in forma pauperis. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Second Amended Complaint (ECF 12), the Court has determined that Plaintiff may proceed in part.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## REVIEW OF COMPLAINT

### 1. Standard of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiffs are required to state facts, and not just legal theories, in a complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678.

To bring a § 1983 claim against a private entity performing a government function, a plaintiff must allege that officials carried out an official policy or unofficial custom that inflicted the injury at issue. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (*Monell* applicable to private entities performing government functions). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

All policy-based claims must meet the pleading standards clarified by *Twombly* and *Iqbal*, *supra*. That is, mere "formulaic recitation of a cause of action's elements" is insufficient. *Twombly*, 550 U.S. at 555.

### 2. Factual Allegations

At the time this action was filed, Plaintiff was a prisoner in the custody of the Nevada Department of Correction (NDOC) in a prison facility contracted to the NDOC, operated by Corrections Corporation of America (CCA) under Warden Mantos. However, she has since been convicted of a federal offense and is in custody of the Federal Medical Center (FMC) Carswell in Fort Worth, Texas.

In the Second Amended Complaint (ECF 12), Plaintiff alleges that Defendants do not provide female "high custody" detainees with the same privileges as it provides to male "high custody" detainees. For example, male detainees are provided with use of a microwave, cell windows, buckets of ice, four cable TVs, daily recreation, and lack of hand-cuff restraints during movement within the facility; female detainees of the same custody level are not afforded the same privileges.

### 3. Analysis

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

Classifications based on gender call for intermediate scrutiny; "that is, such regulations are constitutional only if the government demonstrates they 'serve[ ] important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives.'" *Harrison v. Kernan*, 971 F.3d 1069, 1076 (9th Cir. 2020) (citation omitted). Plaintiff's claims appear to arise from CCA policies, but CCA is free to argue and show that this is not the case.

Plaintiff seeks permanent injunctive relief, compensatory damages, and costs. Because she has been transferred from the custody of NDOC and CCA, she cannot proceed on injunctive or declaratory relief claims. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (a prisoner's claims for injunctive and declaratory relief relating to prison conditions are rendered moot by transfer to another facility). However, she may proceed on claims for compensatory or nominal damages. *George v. City of Long Beach*, 973 F.2d 706, 708 (9th Cir. 1992) ("In this Circuit, nominal damages must be awarded if a plaintiff proves a violation of his constitutional rights.").

This Order does not guarantee that any of Plaintiff's claims will be successful; it merely finds that one or more is colorable, meaning that the claims will not be summarily dismissed at this stage. This Order is not intended to be a final or comprehensive analysis of Plaintiff's claims, but it is only a determination that one or more of Plaintiff's claims is plausible and should proceed to the next stage of litigation.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Case Transfer (ECF 6) is MOOT because this case has been transferred to a visiting judge.

2. Plaintiff's Motion to Extend Time to Respond to the Order at Docket No. 4 (ECF 14) is MOOT, given that Plaintiff has already responded and filed a Second Amended Complaint since that Order was entered.

3. Plaintiff may proceed on Fourteenth Amendment equal protection damages claims against Defendants.

4. Plaintiff may not proceed on injunctive or declaratory relief claims.

5. Plaintiff must file a notice of intent to proceed within 21 days after entry of this Order. If she does so, the case will proceed; if not, the case will be dismissed without prejudice.

6. If Plaintiff files a notice of intent to proceed within 21 days after entry of this Order, the Clerk of Court will issue summonses for Defendants and provide the summonses, a copy of the Complaint, a copy of this Order, the standard Disclosure and Discovery Order, and a waiver of service of summons form to counsel for Defendants CCA and Warden Mantos. If counsel for CCA is not authorized to accept service for CCA or Warden Mantos, counsel shall file a notice of non-acceptance to alert Plaintiff that she must provide written notice of a physical service address for defendant(s) within 30 days.

7. After service of the pleadings in this case, Plaintiff will serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If Plaintiff electronically files a document with the Court's electronic-filing

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4- 1(b); Nev. Loc. R. 5-1. However, if Plaintiff mails the document to the Court, Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

8. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

DATED: February 3, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**